UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS ELAIS LANGLINAIS, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-3003** |
| **NELSON COLEMAN CORRECTIONAL, ET AL.** | **SECTION "J"(3)** |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Louis Elais Langlinais, III, a state prisoner, filed this civil action pursuant to 42 U.S.C. § 1983 against the Nelson Coleman Correctional Center, Warden Roland Ladreyt, Captain Kenneth Decorte, Sergeant Mark Beard, Sergeant Dufresne, Lieutenant Gelston, Deputy Powers, Deputy Jones, Deputy Walker, Deputy Matherne, and Deputy Gilboy. In his lawsuit, plaintiff claimed that he was wrongly placed on suicide watch based on a falsified medical report and subjected to the use of excessive force.

The Nelson Coleman Correctional Center filed a motion to dismiss the claims against it on the grounds that it is not a legal entity capable of being sued.[1] Plaintiff filed a response indicating that he does not oppose that motion.[2] In light of that fact, and for the following reasons, it is recommended that the motion be granted.

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and

---

[1] Rec. Doc. 14.

[2] Rec. Doc. 24.

money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and ellipsis omitted). Accordingly, the Federal Rules of Civil Procedure allow a defendant to move for expeditious dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).

As noted, the Nelson Coleman Correctional Center argues that it is not a legal entity capable of being sued. That is correct. A correctional center is merely a building, not a "person" subject to suit under 42 U.S.C. § 1983. Davis v. Nelson Coleman Correctional Center, Civ. Action No. 10-2257, 2010 WL 4935304, at *2 (E.D. La. Oct. 29, 2010), adopted, 2010 WL 4931883 (E.D. La. Nov. 30, 2010); Taylor v. Nelson Coleman Correctional Center, Civ. Action No. 10-841, 2010 WL 1979618, at *2 (E.D. La. Apr. 22, 2010), adopted, 2010 WL 1980406 (E.D. La. May 14, 2010); Diggs v. Nelson Coleman Correctional Center, Civ. Action No. 10-97, 2010 WL 1038229, at *3 (E.D. La. Feb. 17, 2010), adopted, 2010 WL 1038230 (E.D. La. Mar. 17, 2010).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the motion to dismiss filed by the Nelson Coleman Correctional Center, Rec. Doc. 14, be **GRANTED** and that the claims against that defendant be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this sixteenth day of September, 2013.

                                                DANIEL E. KNOWLES, III
                                                UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.